**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Richard Knotts,**
**Petitioner Below, Petitioner**

**v.)  No. 24-5** (Preston County No. CC-39-2007-C-82)

**Jonathan Frame, Superintendent,**
**Mt. Olive Correctional Complex and Jail,**
**Respondent Below, Respondent**

### MEMORANDUM DECISION

Petitioner Richard Knotts appeals the December 1, 2023, order of the Circuit Court of Preston County denying his amended petition for a writ of habeas corpus.[1] The petitioner argues that he should be granted a new trial in the underlying criminal case based upon this Court's decision in *In re Renewed Investigation of State Police* (*Zain III*), 219 W. Va. 408, 633 S.E.2d 762 (2006). Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

In 1990, a jury convicted the petitioner of first-degree murder and did not recommend mercy, and the circuit court sentenced him to a life term of incarceration without the possibility of parole. *State v. Knotts* (*Knotts I*), 187 W. Va. 795, 798, 421 S.E.2d 917, 920 (1992). In *Knotts I*, this Court affirmed the petitioner's conviction. *Id.* Due to this Court's decision in *Zain III*,[2] the

---

[1] The petitioner appears by counsel Jeremy B. Cooper, and the respondent appears by Attorney General John B. McCuskey and Deputy Attorney General Andrea Nease Proper. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel.

[2] In Syllabus Point 4 of *Zain III*, this Court held:

A prisoner against whom a West Virginia State Police Crime Laboratory serologist, other than Fred Zain, offered evidence and who challenges his or her conviction based on the serology evidence is to be granted a full habeas corpus hearing on the issue of the serology evidence. The prisoner is to be represented by counsel unless he or she knowingly and intelligently waives that right. The circuit court is to review the serology evidence presented by the prisoner with searching and painstaking scrutiny. At the close of the evidence, the circuit court is to draft a comprehensive order which includes detailed findings as to the truth or falsity of the serology evidence and if the evidence is found to be false, whether the prisoner

1

petitioner filed a petition for a writ of habeas corpus in 2007. After the appointment of habeas counsel, the petitioner filed an amended petition, which alleged, inter alia, that the State introduced serological evidence at his trial that was false, tainted, or more prejudicial than probative.[3] *Knotts v. Ames* (*Knotts II*), No. 20-0715, 2022 WL 164046, at *1 (W. Va. Jan. 18, 2022) (memorandum decision). The circuit court ordered DNA testing in 2008, and, after years of continuances and expert analysis of the available blood evidence, the circuit court held a two-day evidentiary hearing during 2019 and 2020, including testimony by the petitioner's serology expert, Barie Goetz. *Id.* at *2.

After the evidentiary hearing, the circuit court denied the amended habeas petition in August 2020. *Id.* In *Knotts II*, this Court vacated the circuit court's August 2020 order and remanded the case for the circuit court to make findings of fact and conclusions of law regarding a washcloth that had the victim's blood on it according to the trial testimony of the State's serology expert, Jeffrey Bowles, to permit meaningful appellate review of the denial of habeas relief. *Id.* at *2-3. By an order entered on December 1, 2023, the circuit court reaffirmed its denial of the amended habeas petition. In addition to adopting and incorporating by reference its findings from the August 2020 order, the circuit court further determined that the evidence did not support the petitioner's assertion that Mr. Bowles engaged in the dishonest practice of "dry labbing" when he testified at trial that he obtained blood samples from the washcloth.[4] In making this determination, the circuit court found that Mr. Goetz's testimony that there were no markings on the washcloth, which would have indicated that Mr. Bowles performed tests on it, was not reliable because (1) Mr. Goetz later contradicted himself by stating that there were areas of dilution on the washcloth that could have been caused by swabbing, and (2) during Mr. Bowles's testimony at trial, Mr. Bowles described processing the washcloth and putting the case number and his initials on the item, which were (even in 1990) "hard to read."[5] The petitioner now appeals. We review the circuit court's order "and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, in part, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

---

has shown the necessity of a new trial based on the five factors set forth in the syllabus of *State v. Frazier*, 162 W. Va. 935, 253 S.E.2d 534 (1979).

219 W. Va. at 409, 633 S.E.2d at 763.

[3] On appeal, the petitioner states that he seeks habeas relief solely pursuant to *Zain III*.

[4] At the evidentiary hearing in *Knotts II*, Mr. Goetz testified that "dry labbing" produces a dishonest result because it does not involve performing the necessary analysis. 2022 WL 164046, at *2.

[5] While the petitioner argues that Mr. Goetz's testimony was credible, he does not specifically challenge the circuit court's finding that Mr. Goetz's testimony was not reliable regarding whether Mr. Bowles tested the washcloth, and "[a]n appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *See State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995).

The circuit court thoroughly considered and addressed each of the petitioner's claims. Upon our review, we conclude that the petitioner has not satisfied his burden of demonstrating error in the court's rulings, and we find none. *See* Syl. Pt. 2, *Dement v. Pszczolkowski*, 245 W. Va. 564, 859 S.E.2d 732 (2021) ("On an appeal to this Court the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." (quoting Syl. Pt. 2, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973))). Accordingly, we find that the circuit court did not abuse its discretion in denying habeas relief.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** July 30, 2025

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice C. Haley Bunn
Justice Charles S. Trump IV

**NOT PARTICIPATING:**

Justice Tim Armstead

3